### I.     AFFIDAVIT

I, Brandon M. Stallworth, being sworn, depose and state the following:

1. I am a Deputy United States Marshal ("DUSM") with the United States Marshals Service (USMS) assigned to the Northern District of Ohio, Cleveland Office, and have been employed since September of 2020. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request an arrest warrant. During my tenure as a DUSM, I have completed approximately 400 hours of instruction at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia and USMS National Training Academy. Some of my duties as a DUSM consist of, but not limited to: protecting the federal judiciary, apprehending fugitives with local, state, and federal warrants, housing and transporting federal prisoners, and executing civil and criminal processes. I have attended training provided by the United States Marshals Service on fugitive investigations and apprehension techniques including the use of social media accounts, cellular phone accounts, financial accounts, and collection of other electronically stored information to track and apprehend fugitives and conduct surveillance operations. In my capacity as a DUSM, I have conducted investigations of crimes related to Escape from the Custody of the Attorney General, in violation of Title 18, United States Code, Sections 751(a).

2. Prior to my tenure as a DUSM, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice for approximately five years. I was assigned to the San Francisco Field Division, Fresno Field Office. I completed twenty-seven weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at FLETC and ATF National Academy in Glynco, Georgia. I received extensive training in firearm identification, the identification and effects of controlled substances, the identification of

improvised explosive devices, surveillance and electronic surveillance, and undercover investigations. During the course of my employment with ATF, I have investigated, and assisted in the investigation of criminal violations relating to firearms and/or narcotics, including 18 U.S.C. § 922(a)(1)(A) – dealing firearms without a license, 18 U.S.C. § 922(g)(1) – felon in possession of firearm, 18 U.S.C. § 922(g)(9) – prohibited person in possession of firearm, and 21 U.S.C § 841(a)(1) - possessing with intent to manufacture, distribute, or dispense, a controlled substance. During these investigations, I have participated in and utilized the following investigative tools: conducting physical surveillance, interviewing suspects, writing affidavits for and executing arrest warrants, handling confidential informants, analyzing phone records obtained from pen registers, trap and trace devices, and the physical devices, and collecting and processing evidence.

## II.     PROBABLE CAUSE

3.     This investigation concerns alleged violations of Title 18, United States Code, Section 751(a), "Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both."

4.     This affidavit is in support of a complaint charging Lovell BRIGGS ("BRIGGS")

with a violation of 18 U.S.C. § 751(a), Escape from the Custody of the Attorney General. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves to establish probable cause for the arrest of BRIGGS.

5. The information in this affidavit is based on my personal knowledge, my conversations with those directly involved in this investigation, and my review of police reports from this case.

6. On January 15, 2014, BRIGGS was charged via Indictment in United States of America v. LOVELL L. BRIGGS, Case No 1:14-CR-00030-DCN, in the United States District Court for the Northern District of Ohio, for the following counts:

a) Conspiracy to Commit Armed Bank Robbery, 18 USC 2113 (a) and (d);

b) Aiding and Abetting Armed Bank Robbery, 18 USC 2, and 2113 (a) and (d);

c) Aiding and Abetting Brandishing a Firearm, 18 USC 2, and 924(C)(1)(A)(ii)

7. On August 6, 2014, BRIGGS plead guilty to the indictment. On November 3, 2014, Honorable U.S. District Judge Donald Nugent sentenced BRIGGS to serve a 120-month prison sentence in custody with the Bureau of Prisons (BOP). He was also sentenced to five years of supervised release, and a special assessment of $200.00.

8. On February 15, 2022, BRIGGS was transferred from USP Canaan to the Oriana Halfway House, still under BOP inmate status. Oriana Halfway House is located at 1829 East 55th St. Cleveland, Ohio, which is in the Northern District of Ohio.

9. On July 21, 2022 at approximately 1:18 a.m., BRIGGS escaped the Oriana House of Cleveland by walking out the front door.  BRIGGS told Oriana House staff that his brother was killed and he was leaving. The BOP Duty officer was initially notified at 1:29 am EST. Oriana House staff were instructed to contact inmate BRIGGS and attempt to get him to return, these attempts failed. At approximately 2:49 a.m., The U.S. Marshals Service was notified of

BRIGGS escape.

10. On September 8, 2022, at approximately 3:55 p.m, BRIGGS was arrested by Cleveland Police Department near 1531 E. 173rd Street, Cleveland, Ohio 44110 for violations of Ohio Revised Code Section 2923.24(A) –Possessing Criminal Tools and Ohio Revised Code Section 2925 – Violation of State Drug Law. BRIGGS was subsequently booked into the Cuyahoga County Jail.

11. On December 7, 2022, BRIGGS was transported from Cuyahoga County Jail to the United States Marshals Service, Cleveland Office, where he was interviewed and booked. Prior the interview, DUSM Stallworth mirandized BRIGGS and provided BRIGGS a USM-309, Waiver of Rights form. BRIGGS reviewed and signed the Waiver of Rights form. When asked about why he left the Oriana House unauthorized, BRIGGS stated that he received a disciplinary action or "write up[1]" from Oriana House for "unknown whereabouts[2]" and was fearful that he was going to be sent back to jail. BRIGGS acknowledged he was currently under BOP status and aware that that he was not supposed to leave Oriana House without authorization. DUSM Stallworth and BRIGGS briefly discussed his arrest on September 8, 2022. BRIGGS stated that he was planning to turn himself in prior to his arrest by Cleveland Police Department. BRIGGS further stated that his case was subsequently dismissed. DUSM Stallworth provided BRIGGS with a copy of Oriana House Residential Program Rules and Regulations, dated July 1, 2021 and Federal Bureau of Prisons Prohibited Acts Packet, dated February 15, 2022, which he acknowledged he signed. DUSM Stallworth advised BRIGGS that according to the Oriana House Residential Program Rules and Regulations, in which he acknowledged and signed,

---

[1] Based on my training, experience, and conversation with other law enforcement officers, a write up is a slang term for disciplinary action.

[2] Federal inmates may be declared AWOL after Oriana House cannot account for his whereabouts for a period of 2-4 hours.

federal inmates may be declared AWOL after Oriana House cannot account for his whereabouts for a period of 2-4 hours. BRIGGS acknowledged that he was wrong for leaving.

### III. CONCLUSION

12. The above facts set forth probable cause to believe that BRIGGS escaped from the custody of the Attorney General on July 21, 2022, in Cleveland, Ohio, and thereby violated Title 18, Section 751(a), United States Code. I request that an arrest warrant be issued for Lovell BRIGGS for this violation.

Brandon M. Stallworth, Deputy United States Marshal
United States Marshals Service

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
1:52 PM, Dec 7, 2022

5